**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1662**

WILLIAM EDGARDO GALAN-LUCERO,

       Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 30, 2021                       Decided: April 23, 2021

Before NIEMEYER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

William Edgardo Galan-Lucero, Petitioner Pro Se. Anthony Cardozo Payne, Assistant Director, Neelam Ihsanullah, Alexander Jacob Lutz, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Edgardo Galan-Lucero, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing Galan-Lucero's appeal from the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the contentions that Galan-Lucero presses on appeal in light of the administrative record, including the transcript of Galan-Lucero's merits hearing and the supporting evidence, and the relevant legal authorities. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding[*] or the conclusion that Galan-Lucero did not proffer sufficient evidence to independently establish his claims—and that substantial evidence supports the denial of all forms of relief in this case, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Specifically, the Board agreed with and adopted all but one of the inconsistencies and omissions relied on by the immigration judge to reach the adverse credibility determination and held, based on a totality of the circumstances, that there was no clear error in this ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 C.F.R. § 1003.1(d)(3)(i) (2020). Our review of the record confirms that substantial evidence supports this determination.

---

[*] We review credibility determinations for substantial evidence, affording broad— though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

*See Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)). Likewise, there is substantial evidence to support the agency's holding pertaining to the insufficiency of Galan-Lucero's independent evidence. *Cf. id*. at 213 (observing the settled principle that "independent evidence may establish past persecution on a protected ground even if an [immigration judge] finds the victim's testimony to be incredible"). Put simply, nothing in the independent evidence *compels* us to conclude that Galan-Lucero was threatened on account of a statutorily protected ground. *See Niang v. Gonzales*, 492 F.3d 505, 511 (4th Cir. 2007) ("[W]here the record plausibly could support two results: the one the [immigration judge] chose and the one the petitioner advances, reversal is only appropriate" if the record *compels* us to accept the petitioner's explanation (alterations and internal quotation marks omitted)). Finally, to the extent that Galan-Lucero separately challenges the denial of protection under the CAT, we discern no legal error in the adjudication of that application and, again, find that substantial evidence supports the agency's factual rulings pertaining to it. *Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 972 (4th Cir. 2019) (providing standard of review for denial of CAT relief).

Accordingly, we deny the petition for review for the reasons stated by the Board. *In re Galan-Lucero* (B.I.A. May 12, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*